*AO 91 (Rev. 02/09) Criminal Complaint*

# UNITED STATES DISTRICT COURT
for the
Western District of Arkansas
Harrison Division

US DISTRICT COURT
WESTERN DIST ARKANSAS
FILED
SEP - 1 2011
CHRIS R. JOHNSON, Clerk
By _____
Deputy Clerk

| | |
|---|---|
| United States of America ) | |
| v. ) | Case No. 3:11M3007-001 |
| David Byron Thompson ) | |
| _____ ) | |
| *Defendant* ) | |

## CRIMINAL COMPLAINT

I, the Complainant in this case, state that the following is true to the best of my knowledge and belief. On or about the date of December 16, 2010, in the county of Boone, in the Western District of Arkansas, the defendant violated 18 U.S.C. § 2252(a)(4)(B), an offense described as follows:

**Did knowingly possess a PNY SD media storage device that contained images of child pornography, as that term is defined in Title 18, United States Code, Section 2256(8), that had been mailed, and shipped and transported in interstate and foreign commerce by any means, including by computer.**

This criminal complaint is based on these facts:

**See attached Affidavit of Scott L. Crawford, Special Agent, Department of Homeland Security.**

☒ Continued on the attached sheet.

_____
*Complainant's Signature*

Scott L. Crawford, Special Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date: September 1, 2011

_____
*Judge's signature*

City and State: Fort Smith, Arkansas

James R. Marschewski, Chief U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT

I, Scott L. Crawford, being duly sworn, depose and state as follows:

1. I am a Special Agent with the Department of Homeland Security, Homeland Security Investigations ("HSI"), currently assigned to the Resident Agent in Charge in Fayetteville, Arkansas. I have been so employed with HSI since November, 2001. As part of my daily duties as an HSI agent, I investigate criminal violations relating to child exploitation and child pornography including violations pertaining to the illegal production, distribution, transportation, receipt and possession of child pornography, in violation of 18 U.S.C. §§ 2251, 2251A, 2252(a) and 2252A. I have received training in the area of child pornography and child exploitation, and have had the opportunity to observe and review numerous examples of child pornography (as defined in 18 U.S.C. § 2256) in all forms of media including computer media. I have also participated in the execution of numerous search warrants and arrest warrants, a number of which involved child exploitation and/or child pornography offenses.

2. The information contained in this Affidavit is based upon my personal knowledge and observation, my training and experience, conversations with other law enforcement officers and witnesses, and the review of documents and records. This Affidavit is being submitted for the limited purpose to establish probable cause for the arrest of David Byron THOMPSON for violations of the laws of the United States. I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause to believe that evidence, fruits and instrumentalities of violations of Title 18, United States Code, Section 2252(a)(4)(B).

3. On or about November 19, 2010, Agent Daniel Ogden of the Brevard County Florida Sheriff's Office conducted an undercover online session utilizing a publicly available peer-to-peer (P2P) file sharing program. During this undercover session, Agent Ogden observed an individual utilizing the username "Phantom1313" logged onto the P2P network. Agent Ogden contacted Phantom1313 and was provided a password of "Devil69" by Phantom 1313 in order to begin browsing files that Phantom1313 had available for download.

4. Agent Ogden then conducted a single source download of over eighty-seven images and one movie file. Agent Ogden reviewed the files after the file downloads were completed and they included the following files:

   a. **982.jpg**-image file depicting a nude boy, less than two years old, with an adult male inserting his penis in the boy's anus. In the images, there is what appears to be ejaculatory around the boy's anus.

   b. **0jfabuo34h.jpg**-image file depicting two young children, approximately five to seven years old, with their mouths against an adult male's penis.

   c. **_hr_BRAPE16(2).jpg**-image file depicting an adult male sitting in a chair with his erect penis exposed. The male is holding a nude child, under five years old, over his penis as if the child is going to sit on the male's penis.

   d. **5yo_torture(CP high qual.mpeg**-a movie file depicting a girl approximately four to six years old, pulling down her pants and an unknown person inserts a hypodermic needle several times into the vaginal area of the child. The move file is 59 seconds in duration.

5. Agent Ogden used CommView to identify the Internet Protocol (IP) Address used by Phantom1313 as 70.178.224.29 registered to Cox Communications and on November 22, 2010 issued a subpoena to Cox Communications requesting subscriber information for the user assigned to the aforementioned IP address during the date and time the undercover session was conducted.

2

6. On December 8, 2010 Cox Communications responded to the subpoena and provided the following information:

```
IP Address of Subject:      70.178.224.29
Subject's Account Name:     David Thompson
Subject's Account Number:   XXXXXXX
Account status:             Active
Subject's Address:          XXX, Harrison, AR 72601
Subject's Phone Number:     (870) XXX-XXXX
```

7. On December 16, 2010 at approximately 4:55 p.m. CST, Detective Ted Schaeffer of the Harrison Police Department received a telephone call from Agent Ogden advising that Phantom1313 was online at the moment, was using the same IP address as previously identified, and there were approximately 16,000 photographs available to download that Agent Ogden believed were photographs depicting child pornography.

8. On December 16, 2010 at approximately 5:27 p.m. CST, the Harrison Police Department (HPD) served a search warrant on the residence located at XXXXX, Harrison, Arkansas 72601. At this location, HPD officers encountered Thompson and Russell Larimore inside the residence and seized numerous computers and computer related items to include over twenty (20) computer hard drives, four (4) laptop computers, four (4) USB thumb drives, and three (3) SD memory media cards.

9. Upon making contact with Thompson and Larimore at the residence, HPD officers determined that Thompson lived at the residence and Larimore was a guest. Larimore stated that he did not live at the residence and was there to borrow a computer cable from Thompson. Thompson stated to HPD officers that Larimore had "nothing to do with it." Both were taken into custody by HPD. At the HPD police station, Larimore reiterated his same

3

statement that he did not live there and had stopped by to borrow a computer cable from Thompson. Thompson did not wish to answer questions without an attorney.

10. On December 17, 2010 HPD executed a search warrant at Larimore's residence located at XXXXXXX, Harrison, Arkansas 72601. HPD officers seized three (3) computers, a hard drive, and several computer related items at this location.

11. On February 28, 2011 your Affiant took possession of the computers and computer related items seized by HPD at both Thompson's residence located at XXXXX, Harrison, Arkansas 72601 and Larimore's residence located at XXXXX, Harrison, Arkansas 72601 to conduct a forensics examination of these items at the HSI forensics laboratory in New Orleans, Louisiana.

12. On April 21, 2011 your Affiant interviewed Dave and Linda Dehlinger, the owners of the property located at XXXXX, Harrison, Arkansas 72601 and obtained a copy of the rental agreement that Thompson completed on June 21, 2010. On the rental agreement, Thompson was the only person listed on the agreement and he indicated no other persons would be residing with him at the property. Both Dave and Linda Dehlinger further advised your Affiant that they had never observed any other individuals at the property during their contact with Thompson.

13. A forensics examination conducted by HSI Computer Forensics Agent, Special Agent Tonya Barrett did not reveal any images of child pornography stored or previously stored on the computers or related items seized from Larimore's residence of XXXXX, Harrison, Arkansas.

4

14.     A forensics examination conducted by SA Barrett of the computers and related items seized from Thompson's residence of XXXXX, Harrison, Arkansas determined that many of the items were password encrypted. One of the items seized and examined that did not contain encryption was a SD memory card. This SD memory card was found to contain numerous video images of child pornography as defined in Title 18, United States Code, Section 2256.

15.     On August 31, 2011 your Affiant reviewed some of the images of child pornography found on THOMPSON'S SD memory card. Based on your Affiant's training and experience, your Affiant recognized these images as being images of child pornography. Three (3) examples of these images reviewed by your Affiant are as follows:

   a.   file name: **0007-0000.mpg** This video image approximately 1:15 in length depicts a child approximately two (2) years of age who is completely naked. The child appears to be bound around the hands and feet and a cloth is tied around the mouth. The child is being held face down onto a couch by an adult male and the adult male is having anal intercourse with the child while the child is crying and appears to be in great distress. The adult male continues having intercourse with the child until ejaculating on the child's back.

   b.   a file name: **0008-0000.avi** This video image approximately 11:55 in length depicts two prepubescent boys who appear to be under twelve (12) years of age, completely naked and lying on a bed with white sheets. The two boys are engaging in both oral and anal sexual intercourse with each other.

   c.   a file name: **0001-0000.avi** This video image approximately 11:23 in length depicts a prepubescent boy who appears to be under ten (10) years of age, being tied around his ankles and with his hands behind his back and position on a brown chair covered with white pillows. There is an adult male have anal intercourse with the boy as well as forcing the boy to perform oral sex on the adult male.

16. On August 30, 2011, HSI Special Agent Tonya Barrett, who conducted the forensics examination of the SD memory card, advised your Affiant that the manufacturer of the SD memory card is "PNY," that it has a serial number of "0734TL6389V", and is marked "Made in Japan." The SD memory card was used in the storage of images of minors engaged in sexually explicit conduct as that term is defined in Title 18, United States Code, Section 2256. It was not manufactured in the State of Arkansas and therefore did travel in foreign and interstate commerce.

17. The apparent violation of law occurred at a time beginning on or about December 16, 2010, within the jurisdiction of the United States District Court, for the Western District of Arkansas, Fayetteville Division.

18. Based upon the information provided in this affidavit, I believe there is probable cause to believe that David Byron Thompson, did knowingly possess a PNY brand SD memory card that contained a visual depiction produced using materials which have been mailed and shipped and transported in and affecting interstate and foreign commerce and the production of such visual depiction involved the use of a minor engaged in sexually explicit conduct, as the term sexually explicit conduct is defined in Title 18, United States Code, Section 2256, and the visual depiction was of such conduct; all in violation of Title 18, United States Code, Section 2252(a)(4)(B).

I hereby swear that the information contained in this affidavit is true and correct to the best of my knowledge.

Dated at Fort Smith, Arkansas in the Western District of Arkansas, on this 1st day of September, 2011.

Scott L. Crawford Special Agent
Homeland Security Investigations

Subscribed and sworn before me this __1__ day of September, 2011.

JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE