IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

UNITED STATES OF AMERICA                                    PLAINTIFF/RESPONDENT

V.                            Case No. 3:11-cr-30009

DAVID BYRON THOMPSON                                        DEFENDANT/PETITIONER

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the Petitioner's Motion to Vacate, Set Aside, or Correct a Sentence Pursuant to 28 U.S.C. Section 2255 (Doc. 34) filed May 2, 2014. The United States of America filed a Response (Doc. 37) on May 14, 2014. Petitioner filed a Reply (Doc. 38) on June 5, 2014. The matter is ready for Report and Recommendation.

### I. Background

On September 1, 2011, a Criminal Complaint was filed against Defendant/Petitioner, David Byron Thompson ("Thompson"), alleging violation of 18 U.S.C. § 2252(a)(4)(B) by knowingly possessing a media storage device containing images of child pornography. (Doc. 1) Thereafter, on September 14, 2011, Thompson was named in a two count Indictment charging him with possessing child pornography in violation of 18 U.S.C. § 2252(a)(4)(B) (Count One) and distributing child pornography in violation of 18 U.S.C. § 2252(a)(2) (Count Two). (Doc. 2) Thompson appeared for arraignment on October 4, 2011, and he entered a not guilty plea to each count of the Indictment. (Doc. 6) Jack Schisler, Assistant Federal Public Defender, was appointed to represent Thompson. (Doc. 8)

On January 25, 2012, Thompson appeared, with his counsel, before Hon. Jimm Larry Hendren, for a change of plea hearing. (Doc. 21) A written Plea Agreement was presented to the

Court, and Thompson plead guilty to Count Two of the Indictment. (Doc. 22)

Thompson was sentenced on July 16, 2012. (Doc. 24) The Court sentenced Thompson to 151 months imprisonment, followed by 30 years supervised release, and a fine of $17,500.00 and a $100.00 special assessment were imposed. (Docs. 24, 27) Judgment was entered by the Court on July 18, 2012. (Doc. 27) No direct appeal was taken by Thompson.

Eleven months later, on June 20, 2013, the United States filed a Motion for Reduction of Sentence Pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure. (Doc. 28) The United States advised the Court of Thompson's cooperation and substantial assistance in providing credible and valuable information about several individuals involved in the receipt, collection, and distribution of child pornography in interstate commerce via the internet, and the United States requested that the Court reduce Thompson's sentence to within the range of 121 to 151 months for a Total Offense Level of 32 and Criminal History Category I. (Doc. 28) On July 3, 2013, the United States filed an Amended Motion for Reduction of Sentence Pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure requesting the Court to sentence Thompson to a specific sentence of 121 months imprisonment. (Doc. 29) The Court granted the United States' Amended Motion by Order entered on July 30, 2013. (Doc. 30) An Amended Judgment modifying Thompson's sentence to 121 months imprisonment, 30 years supervised release, a $17,500.00 fine, and a $100.00 special assessment was entered on July 30, 2013. (Doc. 31)

Six months later, on January 30, 2014, Thompson filed a Motion to Withdraw Plea in which he raised four points: (a) that the evidence used in obtaining his guilty plea was unlawfully obtained in violation of his Constitutional rights; (b) that the search and seizure warrant was obtained in violation of Rule 41 of the Federal Rules of Criminal Procedure; (c) that there is no evidence of an

interstate commerce nexus; and, (d) that his Fourth Amendment rights were violated when computer files were viewed or opened without first obtaining a warrant. (Doc. 32) The Court found, pursuant to Rule 11(e) of the Federal Rules of Criminal Procedure, that a defendant may not withdraw his guilty plea after sentence is imposed, and on March 4, 2014 the Court entered an Order denying Thompson's Motion to Withdraw Plea. (Doc. 33)

On May 2, 2014, Thompson filed his *pro se* Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (Doc. 34) The Motion essentially raises the same four issues as were set forth in Thompson's earlier Motion to Withdraw Plea.

## II. Discussion

### A. Date Judgment of Conviction Became Final

A one year period of limitation applies to motions under 28 U.S.C. § 2255. This period runs from the latest of: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or, (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f).

An un-appealed criminal judgment becomes final when the time for filing a direct appeal expires. *Anjulo-Lopez v. United States*, 541 F.3d 814, 816 n. 2 (8th Cir. 2008). The Judgment in this case was entered on July 18, 2012. Had Thompson wished to file an appeal, he was required to do

so within 14 days. *See* Fed. R. App. P. 4(b)(1)(A)(i). Thompson did not file an appeal, and his conviction thus became final on August 2, 2012. *See Murray v. United States*, 313 Fed. App'x 924 (8th Cir. 2009). From that date, Thompson had one year, or until August 2, 2013, to timely file a § 2255 habeas petition. Thompson's § 2255 Motion was filed on May 2, 2014, nine months after the limitations period expired.

Thompson argues, however, that his § 2255 petition is timely because it was filed within one year of the Court's Amended Judgment entered on July 30, 2013 modifying his sentence pursuant to Rule 35(b). The undersigned disagrees. This same argument has already been addressed by the Eighth Circuit Court of Appeals in *Byers v. United States*, 561 F.3d 832, 835 (8th Cir. 2009) in which the Eighth Circuit ruled that a sentence modification pursuant to Rule 35(b) is not a "judgment of conviction" within the meaning of the limitations period set forth in 28 U.S.C. § 2255(f)[1]. Moreover, according to 18 U.S.C. § 3582(b), the modification of a sentence under Federal Rule of Criminal Procedure 35 does not effect the finality of the judgment of conviction:

> "Effect of finality of judgment - Notwithstanding the fact that a sentence of imprisonment can subsequently be -
>
> (1) modified pursuant to the provisions of subsection (c);
> (2) corrected pursuant to the provisions of rule 35 of the Federal Rules of Criminal Procedure and section 3742; or
> (3) appealed and modified, if outside the guideline range, pursuant to the provisions of section 3742;

---

[1] The Fourth, Sixth, Ninth, Tenth, and Eleventh Circuits have also held that a Rule 35(b) modification to a sentence does not constitute a new judgment of conviction that recommences the Section 2255 statute of limitations clock. *See United States v. Sanders*, 247 F.3d 139, 142-44 & n. 2 (4th Cir. 2001); *Reichert v. United States*, 101 F. App'x 13, 14 (6th Cir. 2004); *United States v. Schwartz*, 274 F.3d 1220, 1224 (9th Cir. 2001); *United States v. Chapman*, 220 F. App'x 827, 830 (10th Cir. 2007); *Murphy v. United States*, 634 F.3d 1303, 1309 (11th Cir. 2011).

> a judgment of conviction that includes such a sentence constitutes a final judgment for all other purposes."

In the Senate Report accompanying § 3582, Congress explained that subsection (b) makes "clear" that though a prison sentence could be "modified" after imposition by way of "three safety valves," including Rule 35(b), the "judgment of conviction in final." *See Murphy*, 634 F.3d at 1308 (citing S. Rep. No. 98-225, at 121 (1983), *reprinted in* 1984 U.S.C.C.A.N. 3182, 3304). Thus, "[t]he plain and obvious meaning of this language is that a Rule 35(b) reduction has no effect on the finality of the judgment of conviction." *Id.*

Thompson's Judgment became final on August 2, 2012, when the 14 day period for filing an appeal expired. Thompson's time period for filing a § 2255 motion therefore expired on August 2, 2013. Thompson filed the instant Motion on May 2, 2014, nine months after the expiration of his one year time period to file such a motion. Therefore, Thompson's Motion is untimely, and it should be denied and dismissed, unless some other statutory provision or equitable tolling applies.

### B. Statutory Provisions of § 2255(f)(2-4)

The one year period within which to file a § 2255 motion may, in an appropriate case, begin on the date on which an impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; from the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or, from the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f)(2-4). Thompson's § 2255 Motion alleges no facts in support of any

of these grounds to extend the limitations period.

Thompson alleges no facts that the Respondent impeded or prevented him in any way from timely filing his § 2255 Motion. Thompson alleges no right newly recognized by the United States Supreme Court made retroactively applicable to cases on collateral review that supports an extension of time to file his § 2255 Motion. Nor does Thompson allege that he recently discovered new facts supporting his claims, or, that the factual predicates for his claims could not have been discovered through the exercise of due diligence well within the limitations period. Consequently, there is no factual basis to find that any of the § 2255(f) statutory provisions for extending the one year period to file beyond when the date of conviction becomes final apply to this case.

### C.  Equitable Tolling

The Eighth Circuit has recognized that the doctrine of equitable tolling is available to a § 2255 movant, but only "under limited conditions, for example, where extraordinary circumstances beyond a prisoner's control prevent the timely filing." *See Gassler v. Bruton*, 255 F.3d 492, 495 (8th Cir. 2001); *United States v. Martin*, 408 F.3d 1089, 1092 (8th Cir. 2005). The use of equitable procedures should be infrequent, *see Flanders v. Graves*, 299 F.3d 974, 976 (8th Cir. 2002), and will not be applied if the habeas movant has not diligently pursued his rights, *see Finch v. Miller*, 491 F.3d 424, 427 (8th Cir. 2007). "Equitable tolling is an exceedingly narrow window of relief." *Maghee v. Ault*, 410 F.3d 473, 476 (8th Cir. 2005).

In the present case, Thompson has not argued that any extenuating circumstances beyond his control prevented a timely filing, nor has he relied on the doctrine of equitable tolling. Thompson does not claim that anything Respondent has done made it impossible or difficult for him to uncover the facts that he now asserts in support of his claims. He does not allege that some action of the

Respondent lulled him into inaction. He does not refer to any extraordinary circumstances, attributable to the Respondent or to any other cause, that prevented him, in the exercise of reasonable diligence, from discovering the facts upon which his claims are based soon enough to enable him to bring a timely habeas petition. In sum, Thompson does not claim that any wrongdoing on the part of the Respondent prevented him from filing a timely petition, nor does he show why he did not assert his claim within the one-year statute of limitations.

Thompson's only position is that his filing was timely based upon the Rule 35(b) modification of his sentence. As discussed above, Thompson's position regarding the effect of a Rule 35(b) modification of sentence on the limitations period for filing a § 2255 motion is simply incorrect as a matter of law.

Further, Thompson clearly has not exercised due diligence in the pursuit of his rights. He pursued no direct appeal. His Motion to Withdraw Plea was filed six months after his sentence had been imposed, and that motion was properly denied as being untimely. In response to an inquiry as to why he did not appeal, Thompson states in his Motion that, "[t]ime to file under the provisions of 28 U.S.C. § 2255 remained and movant believed this would be the best way to proceed on this matter." (Doc. 34, ¶ 11(d), p. 4) Thompson has not alleged that he was in any way misled by his counsel or the Respondent into his incorrect belief regarding the applicable limitations period for filing his § 2255 Motion. Thompson's failure to recognize the applicable limitations period is his fault alone. Thompson has failed to establish any basis for equitable tolling.

### III. Conclusion

For the reasons and upon the authorities discussed above, Thompson's Motion is time barred, not subject to equitable tolling, and the Court need not address the merits of his claims. Based upon

the forgoing, I recommend that Thompson's Motion, filed under 28 U.S.C. § 2255, be **DISMISSED with PREJUDICE**.

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely written objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 29th day of January, 2015.

/s/ Mark E. Ford
HONORABLE MARK E. FORD
UNITED STATES MAGISTRATE JUDGE